UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GOODWIN, JR.,

        Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, STATE PAROLE UNIT 7,

        Defendant.

No. C 15-3368 EDL (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Elmwood Correctional Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Although Plaintiff's complaint is not a model of clarity, he seems to be complaining that his constitutional rights have been violated because the California Department of Corrections and Rehabilitation ("CDCR") does not provide for housing or reimbursement for housing upon release into parole. Plaintiff also states that he is disabled, as defined under the Americans with Disabilities Act ("ADA").

However, unless a state has waived Eleventh Amendment immunity, or Congress has overridden it, a state cannot be sued. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). This immunity extends to extends to suits against a state agency, such as the CDCR. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009). Therefore, the CDCR is DISMISSED with prejudice.

In addition, there is no constitutional right to housing or reimbursement for housing upon release from prison.

Moreover, to the extent Plaintiff is attempting to raise an ADA claim, Plaintiff does not state a claim for relief under the ADA.  The elements of a cause of action under Title II are that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  Even assuming that Plaintiff is an individual with a disability, Plaintiff's claim is not that the CDCR excluded him from receiving assistance with housing on the basis of his disability.  Rather, Plaintiff's claim is that the CDCR simply did not provide him with housing, or reimbursement for housing.  This is insufficient to trigger ADA protection.

Finally, to the extent Plaintiff argues that he should be discharged from parole, that claim should be brought in a habeas petition rather than in a civil rights complaint.  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

For the foregoing reasons, the complaint is DISMISSED.

## CONCLUSION

The complaint is DISMISSED with prejudice for failure to state a claim for relief.  The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: December   3  , 2015.

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Goodwin368dis.wpd

3